# FIELD EMISSION CORPORATION *v.* STATE TAX COMMISSION

John R. Hay, Portland, argued the cause for plaintiff.

Donald H. Burnett, Assistant Attorney General, Salem, argued the cause for defendant.

Decision for planitiff rendered November 27, 1962.

PETER M. GUNNAR, Judge.

This is a case brought in this court under ORS chapter 27 and rule 27 of this court providing for the submission of an agreed case without action or suit. Earlier the State Tax Commission had issued its declaratory ruling, designated "Income 1962–4," which the plaintiff seeks to set aside.

The agreed facts are as follows: The plaintiff is an Oregon corporation, with its principal office at McMinnville. It is engaged in developing and manufacturing advanced electronic products and qualifies under ORS 316.426 as a corporation having property and wage and salary factors of fifty per cent or more. To finance an expansion of its facilities, the plaintiff

authorized, in June of 1961, the issuance of registered debentures in the face amount of $250,000, maturing on July 1, 1971, bearing six per cent interest, payable semi-annually, and callable in thirty days. Thereafter, $230,000 of the debentures were sold, substantially all the proceeds being used for expansion purposes in Oregon. The purchase of these debentures has had no relation to stock holdings.

Under ORS 305.105, the plaintiff petitioned the defendant for a declaratory ruling, and on September 20, 1962, the defendant commission issued the declaratory ruling here in controversy. In this ruling it held that the language of ORS 316.420(1)(b) requiring an "Investment in a [qualifying] corporation" is restricted to an equity interest in such corporation and that only such equity interest qualifies under that section. From this declaratory ruling this case arises.

The sole issue is the meaning of the phrase "investment in a corporation" as it is found in ORS 316.420(1)(b).

The commission has admitted the qualification of the plaintiff under ORS 316.426. In its oral argument it also admitted that "investments" can, and regularly do, include both purchases and loans. As defined by Mr. Justice WARNER in *Blue River Sawmills, Ltd. v. Gates,* 225 Or 439, 472, 358 P2d 239 (1961):

> "* * * The word 'investment' comprehends the investing of money for income or profit and is equally descriptive of a purchase or a loan."

In view of this definition, the commission rests its case solely on the preposition "in" following "investment." It contends that, had the legislature intended to include more than an equity investment, it would

have used the preposition "with" rather than "in." The commission went on to point out that a corporate debt as an investment would include bank savings and time deposits, which it contends are clearly beyond the legislative contemplation.

This court need not consider corporate obligations other than debentures and it does not purport to rule on other types of indebtedness.

■ Both parties agree that this is a case of first impression not only in this state but nationally. No state has a comparable capital gains law. When the 1959 Legislature adopted this statute (Oregon Laws 1959, ch 591), it had before it and rejected a broader act modeled more closely to the time-honored, federal capital gain provisions. Both parties agree that the legislative intent in adopting this peculiar law was to encourage investment by Oregonians in Oregon enterprises.

■ Frankly, this court finds no ambiguity in the language in controversy here.

"* * * it is only in cases where the language used in the statute is ambiguous and uncertain that resort may be had to rules of statutory construction in ascertaining and declaring the legislative intent. It is elementary that when the legislature, in enacting a law, makes use of plain, unambiguous, and understandable language, it is presumed to have intended precisely what its words imply. There is no occasion to go beyond those words and their plain meaning to ascertain by application of rules of statutory construction the legislative purpose. The words used speak for themselves." *Berry Transport, Inc. v. Heltzel,* 202 Or 161, 166-7, 272 P2d 965 (1954).

"In construing a statute words of common use are ordinarily to be taken in their natural, plain

and obvious signification, * * *." *City of Portland v. Meyer,* 32 Or 368, 370, 52 P 21 (1898).

The plain and unambiguous meaning of "investment in a corporation" comprehends, as Mr. Justice WARNER stated, both the equity investment by way of purchase of stock or a loan by way of the instant debentures.

■ Had the legislature intended to distinguish between equity and debt capital investments, it is not likely that it would have hung so important a distinction upon a mere preposition, particularly when many clear means of stating the distinction were available to it. Had it intended that only equity investments should qualify, it would have so stated, or it would have used the words "stock," or "shares," or words of similar import. Having failed to do so, the words it did use must be given "their ordinary and usual significance." *Fishburn v. Londershausen,* 50 Or 363, 370, 92 P 1060, 14 LRA (NS) 1234 (1907). In this sense, a debenture is an "investment in a corporation."

■ In support of this position is the language of the same act with respect to dealers in securities, ORS 316.446. This section expressly permits capital gain treatment of sales of "debentures" and other evidences of indebtedness when made by security dealers under certain circumstances. If the defendant's position were accepted as the intent of the legislature, debentures would qualify as capital assets for dealers for sale purposes but would not be investments for general, reinvestment purposes. Such construction is indeed strained.

■ Finally, the usages of the business community must be considered. The "popular meaning" of the term in controversy is that of commerce. In today's business world, both borrowed capital and equity cap-

ital play a large part in financing business. Bonds and debentures are traded on the world's exchanges and at various stages in the economic cycle, one or the other suits the financial position of the investor. Both types of capital promote the growth of business entities and the expansion of commerce. There is no reason to suppose that the legislature sought to favor one means of financing over the other. To accept the narrow definition adopted by the commission would tend to limit Oregon investment rather than to serve the acknowledged and obvious legislative purpose of expanding our economic community.

In closing, it should be noted that the commission has taken a narrow view of this statute. This it does for the protection of the revenue. This it now can do because of the relatively speedy and complete remedy available in this new, specialized court. This court is not unaware that the commission might not have felt free to take so narrow a position, had the taxpayer not had this remedy so readily available. In a sense, the defendant can wear its quasi-judicial hat more lightly and do a better, more thorough job of raising and collecting the revenue because this court exists and because its judicial remedies can and do meet the needs of the state and its people.

■ Because of the urgent need for a decision, this decision in substance was announced from the bench. A written decree now should be prepared under rule 31, reversing and setting aside the commission's declaratory ruling and holding that the plaintiff's debentures are qualifying investments under ORS 316.420(1)(b).